Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Fax: (619) 297-1022

Attorneys for Majid Pajouh

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MAJID PAJOUH, | Case No: 3:13-cv-02521-L-WVG |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S COUNSEL'S EX PARTE MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| v. | |
| CALIFORNIA BUSINESS BUREAU, INC., | |
| Defendant. | **NO ORAL ARGUMENT REQUESTED PURSUANT TO LOCAL RULES** |
| | **DATE: MAY 12, 2014** |
| | **HON. M. JAMES LORENZ** |

COMES NOW, Crosby S. Connolly of Hyde & Swigart, counsel for Plaintiff Majid Pajouh ("Plaintiff"), in the matter of *Majid Pajouh v. California Business Bureau*, Case No. 3:13-cv-02521-L-WVG, and respectfully requests this Court's permission to withdraw as counsel of record for Plaintiff. In support thereof, counsel states that the attorney-client relationship cannot be maintained.

As set forth in the Declaration of Crosby S. Connolly, Plaintiff's counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Plaintiff, including giving due notice to Plaintiff of Plaintiff's counsel's intent on withdrawing from representation, allowing time for employment of other counsel, complying with Rule 3-700(A)(2) of the California Rules of Professional Conduct, and has complied with all other applicable laws and rules with regard to withdrawal of representation.

## I. AUTHORITIES

This Court's "decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal.*, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008). In ruling on a motion to withdraw as counsel, the following factors are considered: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Id. (citations omitted).

Here, Plaintiff's counsel, (Crosby Connolly and the firm of Hyde & Swigart) can demonstrate good cause that counsel for Plaintiff's withdrawal will not prejudice any of the parties or harm the administration of justice. Further, discovery in this matter has not yet begun. See Connolly Declaration ¶ 9. To date, a Trial date in this matter has not yet been set. See Connolly Declaration ¶ 10. The parties have only met at the Early Neutral Evaluation Conference, as the case is at the beginning stages. See Connolly Declaration ¶ 8. Plaintiff has ample opportunity to substitute counsel without delaying the proceedings in this case or suffering undue prejudice.

//
//
//
//

### A. GOOD CAUSE FOR WITHDRAWAL EXISTS UNDER BOTH THE MANDATORY AND PERMISSIVE BASIS OF THE CALIFORNIA RULES

To determine when withdrawal is appropriate, the Southern District of California has incorporated the California Rules of Professional Conduct (the "California Rules"). *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 (S.D. Cal. Oct. 21, 2008). The California Rules set forth both mandatory and permissive grounds for withdrawal by an attorney.

In evaluating similar motions to withdraw as counsel, this Court has recognized that "[u]nder the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality. In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal." *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 n.1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-700(A)(2)).

Plaintiff's counsel submits that its withdrawal from this case is appropriate, as the attorney/client relationship cannot be maintained and as communication has broken down between Plaintiff's counsel and Plaintiff. See Connolly Declaration ¶5-6. If the Court so requires, Plaintiff's counsel is willing to provide additional information about the reasons for its withdrawal to the Court in camera. See Connolly Declaration ¶ 7.

### B. COMPLIANT WITH THE NOTICE PROVISIONS

Southern District of California Local Rule 83.3(g) requires that "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client" and "[a] declaration pertaining to such service must be filed." Id. A copy of Plaintiff's counsel's motion has been served on counsel for Defendant and on the Plaintiff, at his last known address and electronically. See Connolly Declaration ¶12-13.

### C. NO PREJUDICE

Generally, "[a]n attorney may not withdraw until he or she 'has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . .'" *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-100(A)(2)). In this case, discovery has not yet begun. See Connolly Declaration ¶ 9. Further, a Trial date has not been set in this matter. See Connolly Declaration ¶ 10. The Parties have only recently attended the Court ordered Early Neutral Evaluation. See Connolly Declaration ¶ 8. Thus, there is no prejudice to either party should Plaintiff's counsel be withdrawn as counsel of record. See *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-100(A)(2)) ("At the time of the filing of the application there were no hearings or due dates apparent from the court's docket necessitating Clients' action. Accordingly, the counsel took sufficient steps to avoid reasonably foreseeable prejudice to Clients."); *Lewis v. Nevada County*, 2009 WL 463510, *1 (E.D. Cal. Feb. 23, 2009) ("Here, plaintiff will not suffer injustice or delay if counsel is permitted to withdraw. Trial in this matter is set for June 8, 2010. Plaintiff has sufficient time to retain substitute counsel, should he wish to, and for that lawyer to become familiar with the case and relevant issues.").

Similarly here, at the time of Plaintiff's counsel's filing of this Ex Parte Motion to Withdraw as Plaintiff's Counsel, a Trial date has not yet been set in this matter. See Connolly Declaration ¶ 10. As such, Plaintiff's counsel has taken sufficient steps to avoid reasonably foreseeable prejudice to Plaintiff.

//
//
//
//
//

**D. CONCLUSION**

For all of the foregoing reasons, Plaintiff's counsel, Crosby Connolly and the firm of Hyde & Swigart respectfully requests that this Court permit all counsel of record for Plaintiff to withdraw and enter an order granting of such withdrawal.

**HYDE & SWIGART**

Date: March 24, 2014             By: s/ Crosby S. Connolly
                                     Crosby S. Connolly
                                     Attorneys for Plaintiff