1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9

10   MAJID PAJOUH,                                    CASE NO. 13cv2521-WQH-JLB

11                                 Plaintiff,         Order

12          vs.
     CALIFORNIA BUSINESS BUREAU,
13   INC.,

14                                 Defendant.

15   HAYES, Judge:

16          The matter before the Court is the Ex Parte Motion to Appeal Magistrate Judge's

17   Order to Plaintiff to be Deposed filed by Plaintiff Majid Pajouh.  (ECF No. 43).

18          On or around August 25, 2014, Defendant California Business Bureau prepared

19   a Notice of Taking Deposition of Plaintiff Majid Pajouh, set for September 16, 2014,

20   in Encino, California.  (ECF No. 43 at 7).  The attached proof of service, filed by

21   Plaintiff as an exhibit, states that the notice was served by mail on August 25, 2014 but

22   is unsigned. *Id.* at 9.  On September 3 and 9, 2014, Magistrate Judge Jill L. Burkhardt

23   held discovery conferences between Plaintiff and Defendant. (ECF No. 42).  Following

24   discussion on September 3, 2014, and argument presented on September 9, 2014, the

25   Magistrate Judge found that Defendant was not precluded by the Federal Rules of Civil

26   Procedure in noticing a deposition more than 100 miles from  Plaintiff's home in

27   Encino, California.  *Id.* at 2.  The Magistrate Judge also found that, as of September 9,

28   2014, Plaintiff was in receipt of and served with the deposition notice.  *Id.*  The Court
     ordered that "the deposition go forward as noticed for Encino, California on September

1    16, 2014." *Id.*

2        On September 12, 2014, Plaintiff filed the Motion to Appeal Magistrate Judge's

3    Order. (ECF No. 43). On September 15, 2014, in light of Plaintiff's appeal, the Court

4    ordered that the deposition of Plaintiff be stayed. (ECF No. 46). On September 19,

5    2014, Defendant filed an opposition. (ECF No. 49).

6        Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in the

7    case must consider timely objections [to nondispositive decisions of the assigned

8    magistrate judge] and modify or set aside any part of the order that is clearly erroneous

9    or is contrary to law." Fed. R. Civ. P. 72(a).

10       Plaintiff contends that the Magistrate Judge's order should be overruled because

11   Rule 30 "does not permit Plaintiff to be Deposed 133 miles from his residence in San

12   Diego, CA" and Rule 45(c)(1)(A)-(B) only applies to non-parties. (ECF No. 43 at 2).

13   Plaintiff also contends that the Magistrate Judge erred in ordering that he be deposed

14   in Encino because the deposition notice was defective. Plaintiff asserts that the proof

15   of service of the deposition notice contains no signature.

16        Defendant contends that the Federal Rules of Civil Procedure permit a party to

17   an action to be deposed anywhere in the state of California. Defendant also contends

18   that Local Civil Rule 5.2 specifically provides that a failure to make proper proof of

19   service does not affect the validity of the service.

20       Federal Rule of Civil Procedure 45(c)(1)(B) provides that "a party" may be

21   subpoenaed "to attend a trial, hearing or deposition.... within the state where the person,

22   resides, is employed, or regularly transacts business...." Fed. R. Civ. P. 45(c)(1)(B).

23   The plain language of Rule 45 allows for Plaintiff, a resident of California, to be

24   deposed in Encino, also in California. Rule 30 provides no limitation on where

25   depositions can be noticed. The Court concludes that the Magistrate Judge's ruling that

26   Plaintiff may be deposed in Encino, California was not "clearly erroneous" or "contrary

27   to law." Fed. R. Civ. P. 72(a).

28       Local Civil Rule 5.2 provides that proofs of service of served papers "must be

1    filed in the clerk's office promptly and in any event before action is to be taken thereon

2    by the court or the parties." S.D. Cal. Civ. Local Rule 5.2. "[F]ailure to make the proof

3    of service required by this subdivision does not affect the validity of the service...." *Id.*

4    The Magistrate Judge found that Plaintiff had been effectively served with the

5    deposition notice as of September 9, 2014. Plaintiff has presented no evidence that he

6    was not properly served. By submitting the deposition notice as an exhibit, it appears

7    that Plaintiff was in fact served. (ECF No. 43 at 7). Plaintiff cites no authority for the

8    proposition that the serving party must serve a signed proof of service on the party

9    being served in order to effectuate service. The Court concludes that the Magistrate

10   Judge's finding that Plaintiff was effectively served with the deposition notice was not

11   "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

12       IT IS HEREBY ORDERED that the Ex Parte Motion to Appeal Magistrate

13   Judge's Order to Plaintiff to be Deposed (ECF No. 43) is DENIED.

14       IT IS FURTHER ORDERED that the stay on the deposition of Plaintiff (ECF No.

15   46) is LIFTED. Defendant may notice a deposition of Plaintiff in Encino.

16   DATED:  September 25, 2014

17

18   **WILLIAM Q. HAYES**
     United States District Judge

19

20

21

22

23

24

25

26

27

28