1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

MAJID PAJOUH,

11
                                            Plaintiff,

12
                        vs.

CALIFORNIA BUSINESS BUREAU, INC.,

13

14
                                            Defendant.

CASE NO. 13cv2521-WQH-JLB

Order

15

HAYES, Judge:

16          The matter before the Court is the Motion for Leave to File First Amended

17   Complaint filed by Plaintiff Majid Pajouh.  (ECF No. 26).

18   **I. Background**

19          On October 18, 2013, Plaintiff Majid Pajouh, then represented by counsel,

20   commenced this action by filing the Complaint.  (ECF No. 1).  On March 24, 2014,

21   Plaintiff's counsel, Crosby Connolly of the law firm Hyde & Swigart, filed an ex parte

22   motion to withdraw as counsel.  (ECF No. 9).  On April 7, 2014, District Judge James

23   Lorenz granted the motion to withdraw as counsel.  (ECF No. 10).  On June 12, 2014,

24   Magistrate Judge Jill Burkhardt issued a pretrial scheduling order, providing that "[a]ny

25   motion to join other parties, to amend the pleadings, or to file additional pleadings shall

26   be filed on or before July 15, 2014."  (ECF No. 16 at 1).  On July 25, 2014, Plaintiff,

27   proceeding *pro se*, filed a document titled First Amended Complaint.  (ECF No. 23).

28   On July 29, 2014, Judge Lorenz noted that "Plaintiff was not entitled to file an amended

complaint" and ordered that "Plaintiff must file a motion for leave to amend on or before July 31, 2014 or the hearing will be vacated." (ECF No. 24). On July 29, 2014, Judge Lorenz recused himself from this case, and the case was reassigned to this Court. (ECF No. 25).

On July 30, 2014, Plaintiff filed the Motion for Leave to File First Amended Complaint. (ECF No. 26). On August 29, 2014, Defendant California Business Bureau, Inc. filed an opposition, accompanied by the Declaration of Paul C. Bauducco ("Bauducco Decl."). (ECF Nos. 32-33). On September 8, 2014, Plaintiff filed a reply. (ECF No. 38).

## II.  Contentions of the Parties

Plaintiff asserts that the additional claims he wishes to assert in a first amended complaint could have been brought in the Complaint, but his former counsel refused to do so. Plaintiff also asserts that he made his best efforts to comply with Magistrate Judge Jill Burkhardt's scheduling order by filing a First Amended Complaint on July 15, 2014, the deadline set by Magistrate Judge Jill Burkhardt for "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings...." (ECF No. 16 at 1). Plaintiff asserts that he was unaware that he had to file a motion for leave to amend, and thought he could file a first amended complaint. Plaintiff requests leave to add two new claims: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681-1681u, and (2) violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code section 17200.

Defendant contends that the Magistrate Judge's scheduling order must be modified for "good cause" in order to allow amendment because Plaintiff's motion was filed after the July 15, 2014 deadline in the scheduling order. (ECF No. 32 at 5). Defendant asserts that Plaintiff was aware that he needed to file a motion for leave to amend before July 15, 2014 because the topic was discussed at length during a case management conference before the Magistrate Judge. Defendant contends that it will be "severely prejudiced" if the motion is granted because the September 30, 2014

1  discovery cut-off and other deadlines will need to be continued, and Defendant, unlike
2  Plaintiff, is incurring attorneys' fees. *Id.* at 6.

3  **III. Discussion**

4       Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
5  when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with
6  extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
7  Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court
8  considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing
9  party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not
10 all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice
11 to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at
12 1052 (citation omitted). "The party opposing amendment bears the burden of showing
13 prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
14 "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there
15 exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence
16 Capital*, 316 F.3d at 1052.

17      Federal Rule of Civil Procedure 16(b)(4) provides that a pretrial scheduling order
18 "may be modified only for good cause and with the judge's consent. Fed. R. Civ. P.
19 16(b)(4).

20      In this case, Judge Lorenz amended the Magistrate Judge's scheduling order by
21 extending Plaintiff's deadline from July 15, 2014 to July 30, 2014. (ECF No. 24). The
22 Court concludes that it need not modify any scheduling in order to grant Plaintiff leave
23 to amend.[1]

24      After review of the motion, the proposed first amended complaint, and the filings
25 of the parties, the Court concludes that Defendants have not made a sufficiently strong

26 ─────────────
27 [1] The Court nevertheless finds good cause exists for an extension of Plaintiff's deadline to file a motion for leave to amend the complaint. Plaintiff's counsel withdrew on April 7, 2014, Plaintiff is representing himself, and Plaintiff attempted to comply
28 with the Magistrate Judge's July 15, 2014 deadline by filing a "First Amended Complaint" on that date.

showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend.  *See Eminence Capital*, 316 F.3d at 1052.  Although the discovery deadline was September 30, 2014, Defendant has been aware of Plaintiff's intention to file a first amended complaint since the March 18, 2014 early neutral evaluation conference.  (ECF No. 32 at 4).  Plaintiff also filed the "First Amended Complaint" on July 15, 2014 and the present motion on July 30, 2014, well before the discovery deadline.  (ECF No. 23).  The Court will defer consideration of any challenge to the merits of the proposed first amended  complaint until after the amended pleading is filed.  *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

## IV.  Conclusion

IT IS HEREBY ORDERED that the Motion for Leave to File First Amended Complaint is GRANTED.  (ECF No. 26).  The Clerk of the Court shall strike the document titled "First Amended Complaint." (ECF No. 23).  Plaintiff shall file the First Amended Complaint, as set forth in Exhibit A of the Motion for Leave to File First Amended Complaint (ECF No. 26-3), with **ten (10)** days from the date this Order is filed.  Defendants shall respond to the First Amended Complaint within fourteen (14) days from the date the First Amended Complaint is re-filed. Fed. R. Civ. P. 15(a)(3).

DATED:  October 3, 2014

**WILLIAM Q. HAYES**
United States District Judge